IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:06-812-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Walter Lomax Campbell, | ) | |
| | ) | |
| Movant. | | |

This matter is before the court for consideration of whether Walter Lomax Campbell ("Campbell") is entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Campbell pled guilty to being a felon in possession of a firearm and was sentenced to 188 months' imprisonment on February 27, 2007.

At sentencing, this court found that Campbell was an armed career criminal within the meaning of U.S.S.G. § 4B1.4(a) because Campbell was subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e). Pursuant to § 924(e), a person who is found guilty of being a felon in possession of a firearm and has three prior convictions for a violent felony or serious drug offense must be sentenced to at least fifteen years' imprisonment. The court found that Campbell had at least three prior convictions for a violent felony or serious drug offense. Campbell argues that because the felon in possession of a firearm offense does not qualify as a crime of violence his sentence enhancement was improper.

As a result of the court finding that Campbell was an armed career criminal pursuant to U.S.S.G. § 4B1.4(a), his offense level was 34. After a three-point reduction for acceptance of responsibility, Campbell's total offense level was 31. Thus, Campbell received an offense level of 31 with a criminal history category of VI which yields a guideline range of 188 to 235 months' imprisonment.

The court has reviewed the record in this case including Campbell's PSR.  Based on this review, the court has determined that Campbell is not eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Campbell has at least three prior convictions for a violent felony or serious drug offense or both committed on occasions different from one another.  The court found that Campbell was an armed career criminal as part of his sentencing for his felon in possession conviction.  Campbell's felon in possession conviction was not and could not have been considered as one of his three prior convictions.  Campbell, therefore, was properly sentenced as an armed career criminal and his argument is without merit.

Therefore, it is

**ORDERED** that Campbell's motion for reduction in term of imprisonment, docket number 40, is denied.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 17, 2008

### NOTICE OF RIGHT TO APPEAL

Movant is hereby notified that he has the right to appeal this order within ten (10) days from the date hereof, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.