IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:06-812-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Walter Lomax Campbell, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Walter Lomax Campbell's ("Campbell") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons given below, the court summarily dismisses Campbell's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2006, Campbell pled guilty to being a felon in possession of a firearm pursuant to 18 U.S.C. § 924. Campbell was sentenced to one hundred eighty-eight (188) months' imprisonment on February 22, 2007. Judgment was entered on February 28, 2007. Campbell did not appeal his sentence and conviction. On April 16, 2009,[1] Campbell filed the instant § 2255 motion.

## II. DISCUSSION OF THE LAW

Campbell's sentence was enhanced pursuant to the Armed Career Criminal provision of the United States Sentencing Guidelines § 4B1.4 ("U.S.S.G.") based on his 1993 conviction for child abuse in St. Lucie, Florida. Campbell alleges that "his State of Florida offense for Child Abuse . . . which was used as a crime of violence for [the] purpose of enhancement pursuant to

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

4B1.4 Armed Career Criminal, doesn't qualify as a crime of violence in light of the Supreme

Court's ruling in Begay [v. United States, 128 S. Ct. 1581 (2008)]." (Campbell's Mem. Supp.

§ 2255 Mot. 1.)

There is a one-year statute of limitations for filing a motion under 28 U.S.C. § 2255(f),

which provides in pertinent part as follows:

> A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of—(1) the date on which the judgment
> of conviction becomes final . . . [or] (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that right has been newly
> recognized by the Supreme Court and made retroactively applicable to cases on
> collateral review. . . .

Campbell's motion asserting relief on the grounds of Begay is barred by the statute of

limitations.[2] Campbell had until March 10, 2008, one year after the deadline for appealing his

conviction and sentence, to file his § 2255 motion. Campbell's motion was filed on April 16,

2009. Therefore, Campbell's motion is time-barred under § 2255(f)(1).

In addition, Campbell's motion is time-barred under § 2255(f)(3). Under § 2255(f)(3), a

movant has one year from "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review."

---

[2] Generally, the court may not dismiss a motion under § 2255 sua sponte without affording
the movant the opportunity to explain why the statute of limitations should be equitably tolled to
allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v.
Sosa, 364 F.3d 507, 510 (4th Cir. 2004) (applying Hill to § 2255 habeas petitions). However,
the court may dismiss the motion as untimely if it is "indisputably clear from the materials
presented to the district court that the motion is untimely and cannot be salvaged by equitable
tolling principles." Id. It is undisputably clear from the materials presented that Campbell's
motion is time-barred and equitable tolling principles do not apply because his Begay claim fails
on the merits.

"[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The United States Supreme Court has not made Begay retroactive to cases on collateral review. Therefore, because Campbell's case is on collateral review and the holding announced in Begay is not retroactive, Campbell's claim is time-barred.

However, the holding in Begay does not apply to Campbell's child abuse offense. "The Armed Career Criminal Act [("the Act"), 18 U.S.C. § 924(e)(1)] imposes a . . . 15-year mandatory minimum sentence on an offender who has three prior convictions for a violent felony or a serious drug offense." Begay v. United States, 128 S. Ct. 1581, 1583 (2008) (internal quotation marks omitted). The Act defines a "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (2006); see also U.S.S.G. § 4B1.2. In Begay, the United States Supreme Court held that under New Mexico's Driving Under the Influence statute, the crime of driving under the influence "falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition." 128 S. Ct. at 1587. According to the court, "[i]n determining whether [a] crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 1584. "[S]tatutes that forbid driving under the influence . . . typically do not insist on purposeful, violent, and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability,

3

criminalizing conduct in respect to which the offender need not have had any criminal intent at all." Id. at 1586-87.

Florida defines "child abuse" as

(a) Intentional infliction of physical or mental injury upon a child;
(b) An intentional act that could reasonably be expected to result in physical or mental injury to a child; or
(c) Active encouragement of any person to commit an act that results or could reasonably be expected to result in physical or mental injury to a child.

A person who knowingly or willfully abuses a child without causing great bodily harm, permanent disability, or permanent disfigurement to the child commits a felony of the third degree . . . .[3]

Fla. Stat. § 827.03 (2003). Unlike a DUI offense, child abuse, as defined by the Florida statute, insists on purposeful, violent, or aggressive conduct. Hence, Begay's holding is inapplicable in Campbell's case.

It is therefore

**ORDERED** that Campbell's § 2255 motion, docket number 46, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 1, 2009

---

[3] According to Campbell, his child abuse conviction was a third degree felony. (Campbell's Mem. Supp. § 2255 Mot. 2.) To the extent that Campbell argues that his child abuse offense should not fall within the definition of a violent felony due to the fact that no one was injured, this argument is without merit. See James v. United States, 550 U.S. 192, 197 (2007) (holding that attempted burglary as defined by Florida law is a violent felony falling under the Act's residual provision for crimes that "otherwise involv[e] conduct that *presents a serious potential risk of physical injury to another*") (emphasis added).

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.